IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MONICA KELLY,**

    **Plaintiff,**

v.                                              **CASE NO.: 3:10-cv-01265**

**FEDEX GROUND PACKAGE**
**SYSTEM, INC.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Strike Certain Objections and to Compel Defendant to Provide More Sufficient Answers to Interrogatories and Requests for Production of Documents (Docket No 20).  Defendant filed a Response to the Motion (Docket No. 22), and plaintiff has filed a Reply to the Response (Docket No. 23). Therefore, this matter is fully briefed and mature for resolution.

**I.**    **Relevant Facts**

Plaintiff, Monica Kelly (hereinafter "Kelly"), filed this civil action in the Circuit Court of Cabell County, West Virginia, alleging that the defendant, FedEx Ground Package System, Inc. (hereinafter "FedEx") discriminated against her on the basis of disability and gender in violation of the West Virginia Human Rights Act.  FedEx removed the case to the United States District Court asserting diversity of citizenship. Kelly served discovery upon FedEx on January 18, 2011; responses were due on

February 24, 2011 pursuant to an agreement of counsel. On February 24, 2011, FedEx filed its responsive document, which included two separate sections entitled "General Objections," one placed in the document before the answers to interrogatories and the other placed before the answers to requests for production of documents. In addition, FedEx stated individual objections to each discovery request posed by Kelly. (Pl. Motion at 1-2). Despite making these objections, FedEx provided answers to many of the requests. However, Kelly found the answers to be insufficient and the objections to be improper. The parties discussed their discovery differences, but were unable to resolve them. Consequently, the Court will address the Motion to Strike and the Motion to Compel in turn.

## II. Motion to Strike General Objections

Kelly takes issue with the prefatory "General Objections" asserted by FedEx, arguing that general objections violate the Federal Rules of Civil Procedure and federal case law. FedEx offers no response to Kelly's contention.

More often than not, District Courts in the Fourth Circuit have held that general objections to discovery requests, without more, are invalid. *See, e.g., Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238 (E.D.N.C. 2010)(mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. 2010)("general objections to discovery, without more, do not satisfy the burden of the responding party. . .because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W.Va. 2009)("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia*

*v. Mayflower Textile Services Co.,* 253 F.R.D. 354 (D.Md. 2008)(court disapproves of a general objection asserted "to the extent" that it applies).  As such, a party's reliance solely upon general objections is injudicious and often results in the unintentional waiver of all applicable specific objections.  Fed. R. Civ. P. 33(b)(4) and L.R. Civ. P. 34.1(b)(1); *See, also, Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226 (M.D.N.C. 2010).

Here, FedEx lists a series of general objections prior to answering any of the interrogatories and again before responding to requests for production of documents.  The voluminous objections and reservations of rights are asserted under the headings "General Objections;" some are boilerplate regurgitations of language from Rule 26; some apply only "to the extent that" they are triggered; and at least one reserves the right to raise additional objections should any come to mind in the future.  FedEx makes no effort to identify which of the "General Objections" pertain to individual discovery requests; frequently asserting that any answer given to the request is "subject to" all of the General Objections.  As a result, it is impossible for Kelly or the Court to discern which, if any, of the general objections are actually relied upon by FedEx in response to discrete interrogatories and requests for production of documents propounded by Kelly.  Thus, the Court agrees with Kelly that FedEx's indiscriminate use of "General Objections" frustrates the purpose of discovery and fails to comply with the specificity requirements of Fed R. Civ. P. 33(b)(4) and Fed R. Civ. P 34(b)(2)(B) and (C), as well as L.R. Civ. P. 34.1(b)(1).  Therefore, both sets of these objections, being contrary to the law of this jurisdiction, are overruled, and will not be considered by the Court when assessing whether FedEx's responses or objections to discovery requests are substantially justified.

Having determined that the "General Objections" are invalid, the Court must address Kelly's Motion to Strike by first considering whether such a Motion is appropriate under these circumstances. Historically, a Motion to Strike was the procedural mechanism by which a party challenged the sufficiency of a pleading or of evidence, with a goal toward removing the pleading, exhibit, or testimony from the record, so that it was not considered by a judge or jury. During the pre-trial phase of a civil action, the Federal Rules of Civil Procedure[1] expressly authorize or require a court to strike pleadings or other papers in several specific instances. First, Rule 12(f) permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A majority of District Courts agree that the "pleadings" envisioned by the framers of Rule 12(f) are those set forth in Rule 7(a) and are not intended to include discovery papers, motions, or memoranda. *See, e.g., Zep Inc. v. Midwest Motor Supply Co.,* 726 F. Supp.2d 818 (S.D. Ohio 2010); *Kitson v. Bank of Edwardsville,* 240 F.R.D. 610 (S.D. Ill. 2006); *Vol. 2 Moore's Federal Practice § 12.37[2] (Matthew Bender 3rd Edition 2010).* According, this particular Rule is not applicable to the Motion before the Court.[2]

Rule 11 requires a court to strike "an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Similarly, Rule 26(g)(2) requires a court to strike an "unsigned disclosure, request, response, or objection" asserted under Title V of the Rules of Civil Procedure, unless "a signature is promptly supplied after the omission is called to the attorney's or party's attention."

---

[1] "Pre-trial" in the context of the Federal Rules of Civil Procedure means Rules 1-37 , contained in Titles I-V.

[2] Rule 14(a)(4) reiterates the right of any party to move to strike a third-party complaint, which is one of the pleadings explicitly identified in Rule 7(a).

- 4 -

Kelly has not raised the absence of a signature as a basis for her Motion; accordingly, these Rules are likewise inapplicable to the matter at hand.

Finally, Rule 37(b)(2)(A)(iii) allows a court to strike pleadings in whole or in part as a sanction against a party who fails to comply with a court directive permitting or providing discovery. In order for this sanction to be imposed, however, a Motion to Compel must first be filed and an Order granting the Motion must be issued. Then, the party compelled to act must disregard the court's Order resulting in the filing of a Motion for Sanctions. Here, Kelly filed her Motion to Strike contemporaneously with a Motion to Compel; accordingly, no Order has yet been issued upon which to trigger the sanctions set forth in Rule 37(b)(2)(A)(iii). Moreover, Kelly seeks to have the Court strike objections to discovery requests, rather than "pleadings." Considering these variances from the express language of the Rule, the Court finds that Rule 37(b)(2)(A)(iii) also does not apply to the Motion to Strike pending in this case.

Inasmuch as the Federal Rules of Civil Procedure do not contain a Rule relevant to Kelly's Motion, the Court turns to its "inherent power to strike submissions to the Court other than pleadings." *Kitson v. Bank of Edwardsville, supra* at 611. "Inherent powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *U.S. v. Moussaoui,* 483 F.3d 220, 236 (4th Cir. 2007), quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-631 (1962). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). Generally, courts limit the use of inherent powers to "police litigant misconduct and impose sanctions on those who abuse the judicial process." *Wachtel v. Health Net Inc.,* 239 F.R.D. 81, 84 (D. N.J. 2006).

Having reviewed the "General Objections" asserted by FedEx, the Court declines to exercise its inherent power to strike them. Although the Court is mindful that at least one District Court in this Circuit has stricken general objections when ruling on a Motion to Compel,[3] the undersigned can find no practical purpose at this time in striking them. Although FedEx's unrestrained use of general objections displays a lack of judgment and advocacy, the Court has an insufficient basis upon which to conclude that FedEx asserted the objection to intentionally obfuscate discovery or abuse the judicial process. Accordingly, as stated *supra,* the general objections asserted by FedEx are overruled and will not be considered in ruling on the issue of substantial justification, but Kelly's Motion to Strike is **DENIED.**

## III. Motion to Compel

In addition to relying upon the "General Objections," FedEx provided individual answers to each of the discovery requests; therefore, each disputed answer will be examined to determine if FedEx properly responded or raised a valid specific objection to the request.[4]

### Interrogatory Nos. 1 and 2

In the first interrogatory, Kelly seeks information regarding statements taken by FedEx from witnesses with knowledge of Kelly's application for employment or her medical condition. The second interrogatory requests the identity of any person who

---

[3] *Barb v. Brown's Buick, Inc.,* 2010 WL 446638 (E.D.Va.).

[4] Kelly contends that FedEx should not be permitted to assert any objections, because they were not made timely. According to Kelly, FedEx's answers and objections were due on February 17, 2011. FedEx requested an extension of seven days to answer the requests. Kelly agreed to the extension, but only to allow FedEx time to ***answer***, not to object. Kelly has not produced any documentation to support her interpretation of the agreed extension, or to establish that FedEx understood this caveat. Accordingly, the Court will construe the agreement in the manner that such agreements are typically understood by litigators. The Court finds that the extension granted by Kelly implicitly permitted FedEx seven days to answer or otherwise respond to the discovery requests, including the right to object to them.

- 6 -

has knowledge of the alleged incident that is the subject matter of the Complaint or any of the defenses asserted by FedEx, as well as the substance of the knowledge. FedEx objects on the basis that the interrogatories request information that is privileged as an attorney-client communication or is protected as attorney work product.

Indeed, some of the information responsive to these requests may be privileged or protected; however, the Court is unable to determine the validity of FedEx's response, because it failed to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii). Rule 26(b)(5)(A)(ii) provides that when a party "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must describe the nature of the documents, communications, or tangible things not produced or disclosed—an do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory Nos. 1 and 2 within ten days of the entry of this Order.[5] As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

**Interrogatory No. 3**

This interrogatory requests information regarding expert witnesses that FedEx intends to call at the trial of this action. FedEx objects on the basis of attorney-client privilege and attorney work product. These objections are entirely without merit. Kelly essentially asks for the information that FedEx is already required to disclose pursuant to Fed. R. Civ. P. 26(a)(2).

---

[5] FedEx also objected to every interrogatory as being in excess of the number permitted by Federal Rule of Civil Procedure 33. The Court will not address the justification of this objection, because FedEx nonetheless responded to all of the interrogatories.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory No. 3 on or before the deadline for Rule 26(a)(2) disclosures set forth in the Scheduling Order entered by the District Judge on November 30, 2010 (Docket No. 9).

### Interrogatory No. 4 and 5

In these interrogatories, Kelly seeks facts, witnesses and documents supporting FedEx's affirmative defenses and denials. FedEx objects to these interrogatories, because they are "overly broad" contention interrogatories, seek a legal conclusion, and request privileged information. Fed. R. Civ. P. 33(a)(2) anticipates the use of contention interrogatories and expressly sanctions their function. However, "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Capacchione v. Charlotte-Mecklenburg Board of Education,* 182 F.R.D. 486, 489 (W.D.N.C. 1998). Nevertheless, Fed. R. Civ. P. 33(b)(3) requires a party responding to discovery to answer each interrogatory *to the extent that it is not objectionable*. While FedEx may not be able to discern *every* fact that supports an affirmative defense or denial, FedEx is capable of identifying those facts upon which it intends to rely in support of its affirmative defenses and denials.

Accordingly, it is hereby **ORDERED** that FedEx respond to Interrogatory Nos. 4 and 5 within ten days of the entry of this Order to the extent that it currently has information responsive to the queries. FedEx shall provide Kelly with information regarding those facts upon which it intends to rely for the defenses and denials and shall supplement its responses reasonably in advance of the deadline for completing discovery. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Interrogatory No. 6

Interrogatory No. 6 asks for detailed information regarding insurance policies that apply to the claims alleged in the Complaint. FedEx again raises attorney-client privilege and attorney work product objections in response to the question, although it produces the declarations page of an insurance policy. The objections asserted by FedEx are meaningless. Not only does FedEx fail to elaborate on how either of these principles applies to the interrogatory, but FedEx fails to acknowledge that under Fed. R. Civ. P. 26(a)(1)((A)(iv) Kelly is entitled to inspect and copy any applicable insurance policy, in its entirety, which would necessarily reveal most of the information requested. Likewise, FedEx provides no explanation for designating the declarations page as "Confidential." In absence of a persuasive explanation, the Court finds that the document is not privileged nor otherwise protected and should not be designated as confidential.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory No. 6 within ten days of the entry of this Order.

### Interrogatory No. 7

This interrogatory seeks a list or description of any demonstrative exhibit to be offered by FedEx at trial. FedEx objects based upon the attorney-client privilege and attorney work product protection, adding that the request is also premature. With the exception of evidence used solely for impeachment, Rule 26(a)(3)(iii) requires a party to identify for the other parties "each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer [at trial] and those it may offer if the need arises." Kelly's interrogatory asks for a list of the demonstrative evidence FedEx intends to use at trial. Certainly, the interrogatory is

proper, and FedEx should respond to it. Understandably, FedEx may not yet be in a position to identify the demonstrative exhibits that it intends to use at trial. However, an objection based upon attorney-client privilege and attorney work-product is improper in view of the question, which seeks only those exhibits that FedEx intends to publish to a jury.

Accordingly, it is hereby **ORDERED** that to the extent that FedEx currently has knowledge of demonstrative evidence that it intends to present at trial, FedEx should identify it within tend days of the entry of this Order. Otherwise, FedEx should identify for Kelly the applicable documents and other exhibits it expects to offer or may offer if the need arises by the deadline contained in Paragraph 5 of the Scheduling Order (Docket No. 9).

### Interrogatory No. 8

Kelly asks for information regarding other administrative actions, civil actions, or legal proceedings filed in West Virginia within the last five years by an employee of FedEx alleging a wrongful action or inaction by another employee of FedEx. FedEx objects to the request, because it is not sufficiently limited in scope or subject matter and may seek information that is privileged or otherwise protected.

In discrimination cases, courts have generally allowed discovery of other actions or proceedings against a defendant, because "[e]vidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R. Civ. P. 26(b)(1)." *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004), citing *Flanagan v. Travelers Ins. Co*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986); See also, *Twigg v. Pilgrim's Pride Corp*, 2007 WL 676208 at *6 (N.D.W.Va. 2007). Here, Kelly has not explicitly limited her request to

actions or proceedings involving claims of gender or disability discrimination. When considering that the purpose of such an interrogatory is to uncover evidence of discrimination against others similarly situated as the plaintiff, the Court agrees with FedEx that the request needs to be limited in subject matter to cases involving allegations similar to those asserted by Kelly. However, on the issue of scope, the Court does not find that seeking information about cases filed in the State of West Virginia or covering a period of five years is overly broad or burdensome. In *Culkin v. Pitney Bowes, supra*, the District Court examined an interrogatory quite similar to the one propounded in this case, concluding that the request was not "loose and sweeping" and merely sought "comparative information necessary to afford the plaintiff a fair opportunity to develop his case," and which may be "relevant to establish the pretextual nature of the defendant's conduct." *Culkin v. Pitney Bowes, supra* at 72.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory No. 8 within ten days of the entry of this Order, limiting the subject matter of the actions or proceedings to those involving claims of gender or disability discrimination. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Interrogatory No. 9

In this interrogatory, Kelly questions the training provided by FedEx to its managerial and supervisory personnel pertaining to employment issues involving disabled persons. Without explanation, FedEx claims this information is privileged or otherwise protected. Having considered the objections, the Court agrees with plaintiff that this information is relevant to the claims and defenses in this case.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory No. 9 within ten days of the entry of this Order. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Interrogatory No. 10

Kelly asks for a description of any document, whether or not electronically stored, in the possession of FedEx that relates to the events and matters alleged in the Complaint. FedEx raises its standard objection of attorney-client privilege and attorney work product protection. However, FedEx does not provide a privilege log describing information withheld as required by Fed. R. Civ. P. 26(b)(5)(A)(ii). The Court agrees with plaintiff that the requested information is relevant to the claims and defenses in this case.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Interrogatory No. 10 within ten days of the entry of this Order. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Interrogatory No. 11.

This interrogatory seeks the names and address of trial witnesses and a summary of their anticipated testimony. FedEx responds with its customary objections, adding that it has not yet decided on trial witnesses, but may call those persons identified in Rule 26(a)(1) disclosures. The objections asserted by FedEx in response to this interrogatory are meritless in view of the disclosures mandated by Fed. R. Civ. P. 26(a); however, FedEx did adequately respond the interrogatory, based upon the information

currently available, and is required to supplement the answer by the deadline contained in Paragraph 5 of the Scheduling Order (Docket No. 9).

### Interrogatory No. 12

Kelly inquired as to whether the position of package handler was available at FedEx's Scott Depot facility in August or September 2010. Inexplicably, FedEx objected to this request. However, FedEx did respond to the discovery in the affirmative. Therefore, the Court finds that the FedEx fully responded to the interrogatory. As stated *supra*, FedEx's general objections are overruled.

### Interrogatory No. 13

In this request, Kelly seeks information regarding any person hired to fill the package handler position, including date of application, date of hire, gender and whether the employee has a disability. FedEx provided responsive information, noting that six individuals were hired, but indicating that it could not respond to the question regarding presence of disability, because it "does not keep track of this type of information." The Court agrees with plaintiff that the requested information is relevant to the claims and defenses in this case. Moreover, the number of employees at issue is small; significantly limiting the burden of conducting a reasonable investigation in order to respond to the inquiry.

Accordingly, it is hereby **ORDERED** that to the extent that FedEx is aware or can reasonably determine whether any of the identified employees has a disability, FedEx should provide Kelly with that information or assert a valid and legally supported objection to disclosing same within ten days of the entry of this Order.

### Interrogatory Nos. 14, 15, 16, 17, and 18

These interrogatories seek a variety of information regarding the package handler position and the interview process at FedEx. The Courts finds that the FedEx did fully respond to these interrogatories. As stated *supra*, FedEx's general objections are overruled. The Court reserves its ruling on the issue of whether Exhibits E and F are appropriately marked "Confidential" until such time as they are provided to the Court for review.

### Interrogatory No. 19

In this interrogatory, Kelly asks for the identity of the manager of an employee who spoke with Carrie Guzman[6] and to provide other information regarding this conversation. FedEx objected on the grounds that the request was premature and "vague, ambiguous, and/or compound." The Court does not find the objection raised by FedEx to be meritorious; primarily, because FedEx offers no explanation for its objection. On its face, the interrogatory is neither vague nor particularly ambiguous, and being "compound" does not make it objectionable. Moreover, the question is not premature. Therefore, those objections, as well as the General Objections, are overruled. FedEx should have knowledge of employee(s) who communicated with Carrie Guzman in the context of the issues raised in the Complaint, or should conduct a reasonable investigation in order to properly respond to the question.

Despite the objections, the Court takes note that FedEx did satisfactorily respond to the interrogatory based upon the information available to it at the time. FedEx is expected to supplement this response as required by the Federal Rules of Civil

---

[6] The role that Ms. Guzman plays in this civil action is a mystery to the undersigned, but nevertheless, the question is not unduly unclear.

Procedure, the Local Rules of the Southern District, and the Scheduling Order entered by the District Judge (Docket No. 9).

### Request Nos. 1, 3, 4, 5, 7, and 9

These six requests seek production of documents including witness statements; personnel actions and decisions involving plaintiff; job requirements and particulars; documents used to prove defenses and denials; documents relied upon in responding to interrogatories. To each request, FedEx asserts the attorney-client privilege, the attorney work product protection, "and/or any other applicable privilege, immunity, protection, or restriction pursuant to the Federal Rules of Civil Procedure, statutes, or common law." However, yet again, FedEx wholly fails to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii), which requires identification of the documents withheld subject to the claimed privilege or protection. Accordingly, it is hereby **ORDERED** that FedEx's general objections are overruled and FedEx shall fully respond to Request Nos. 1, 3, 4, 5, 7, and 9 within ten days of the entry of this Order. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Request No. 6

Request No. 6 asks for the production of training material used by FedEx to educate its managerial and supervisory personnel on disability discrimination. FedEx responds by claiming that the request is vague and ambiguous, because the term "training" is imprecise, and by raising any privilege or protection permitted by law. The Court does not find Request No. 6 to be vague or ambiguous and further considers FedEx's argument that the word "training" is imprecise to be unpersuasive.

Accordingly, it is hereby **ORDERED** that FedEx fully respond to Request No. 6 within ten days of the entry of this Order. As for any information to which FedEx asserts a privilege or protection, FedEx is **ORDERED** to comply with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### Request No. 10

Kelly requests copies of all employment applications and related documents applicable to "any deaf person" who has applied for a job position with FedEx in the State of West Virginia. FedEx objects to the request as being overly broad and unduly burdensome in that it is not limited in time or scope. FedEx's remaining objections deal with privileges, restrictions, and protections afforded under the Rules of Civil Procedure and federal law.

The Court agrees with FedEx that this request is overly broad in that it is not limited in time. Moreover, the undersigned has grave reservations regarding the production of documents that may potentially result in an unwarranted invasion of the privacy of non-parties to this action; particularly, without making any determination as to whether the relevant information can be obtained in a less intrusive manner.

Accordingly, it is hereby **ORDERED** that the parties confer on whether the responsive to Request No. 10 documents can be de-identified, summarized, redacted, or limited in some manner as to protect the privacy rights of non-party employees in their personnel information.

### IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Strike Certain Objections and **GRANTS** Plaintiff's Motion to Compel More Sufficient Answers to Interrogatories and Requests for Production of Documents (Docket No. 20) as indicated

herein.

The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to all counsel of record.

                               **ENTERED**: April 26, 2011.

                               Cheryl A. Eifert
                               United States Magistrate Judge