IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MONICA KELLY,**

    **Plaintiff,**

v.                                        **CASE NO.: 3:10-cv-01265**

**FEDEX GROUND PACKAGE
SYSTEM, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees (Docket No. 28). Defendant has filed a Memorandum in Opposition to the Motion (Docket No. 30), and the time allotted for the filing of a Reply has expired. Therefore, this matter is ready for disposition. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion, but remits the amount requested and awards Plaintiff reasonable expenses in the amount of Three Thousand One Hundred Twenty Five Dollars **($3,125.00)**.

### DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) states as follows:

If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was

>substantially justified; or (iii) other circumstances make an award of expenses unjust.

(emphasis added). If a motion to compel is granted, the Rule explicitly mandates an award of reasonable expenses unless one of the three exceptions applies to the situation before the Court. Inasmuch as the Court granted Plaintiff's Motion to Compel[1] in this case, each exception will be examined in turn. The first exception does not apply, because Plaintiff attempted to resolve the discovery dispute prior to resorting to the Court for assistance. Plaintiff wrote Defendant a detailed eight page letter setting out the alleged insufficiencies in Defendant's responses. According to Plaintiff, Defendant provided no response to that letter although given ample opportunity to do so.[2]

The second exception likewise does not apply, because the Court found most of Defendant's objections to be unacceptable boilerplate or entirely without merit. Moreover, even when Defendant asserted a potentially plausible objection, such as attorney work product or attorney/client privilege, Defendant failed to comply with the Federal Rules of Civil Procedure by concurrently filing the requisite privilege log. Defendant argues that its objections were substantially justified, because its "preliminary responses did not withhold relevant, substantive information." (Docket 30 at 3). However, what Defendant fails to appreciate is that by prefacing an otherwise straightforward answer with wide-ranging objections, Defendant removed the reliability that should have been inherent in the answer. Consequently, neither Plaintiff, nor the Court, could determine whether or not all "relevant, substantive"

---

[1] Plaintiff filed a combined Motion to Strike Certain Objections and to Compel More Sufficient Answers. The Court denied the Motion to Strike, but substantially granted the Motion to Compel.

[2] Defendant does not dispute this contention and provides no explanation for seemingly ignoring the letter.

information had been provided or whether responsive, but purportedly irrelevant or privileged information, had been withheld. The discovery rules are afforded broad and liberal application based upon the generally accepted principle that "[m]utual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495 (1947). To that end, a party should not be left in the position of doubting the thoroughness and implication of a discovery answer.[3]

Finally, considering the third exception, the Court notes no other circumstances, which would make an award of attorney's fees unjust. Defendant contends that fees should not be assessed, because the Court's Order was a "mixed decision." Defendant relies upon an opinion issued by the Eastern District of Pennsylvania which holds that sanctions are inappropriate when a decision is mixed and "neither party [i]s an overall winner or loser." (Docket 30 at 2). The Court acknowledges that it denied Plaintiff's Motion to Strike, but Plaintiff substantially prevailed on the Motion to Compel. Accordingly, the Court exercises its authority to apportion reasonable fees pursuant to Fed. R. Civ. P. 37(a)(5)(C).

Having concluded that an award of attorney's fees is appropriate in this case, the Court next turns to the question of calculating the award. First, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.*, 549 F.3d 313,

---

[3] Defendant also argues that Plaintiff is not entitled to fees, because she did not substantially prevail. According to Defendant, the Court compelled it to supplement only three discovery requests. The Court disagrees with Defendant as to the substance of the Order, which, in fact, required Defendant to supplement the vast majority of its answers. Accordingly, the Court rejects this contention and finds that Plaintiff substantially prevailed.

320 (4th Cir. 2008). In deciding what is reasonable, the Fourth Circuit Court of Appeals adopted twelve factors to consider, which are set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) and include the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Information Services, LLC, supra* at 243-244.

Beginning with the hourly rate, the Court notes that Plaintiff's counsel has been admitted as a member of this Court's bar since 1996 and her skill, experience, and reputation is comparable to that of other lawyers specializing in employment litigation. However, the discovery issues in dispute are not particularly novel or difficult and are similar to those issues routinely faced by attorneys practicing general litigation. Therefore, a reasonable hourly rate would be one consistent with the market rate of a general litigator practicing within the Southern District of West Virginia. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). The duty to provide evidence of the prevailing hourly rate rests with the party seeking an award of fees. *Id.* Here, Plaintiff argues that $250 per hour is reasonable based upon her counsel's skill, experience, and training, but provides no objective evidence to establish that attorneys of like background practicing in this District charge a similar hourly rate. In response, Defendant argues that the overall amount of fees requested by Plaintiff is unreasonable based upon the excessive number of hours expended on the Motion,

but does not contest the requested hourly rate. The Court is disinclined to delay its ruling in order to receive evidence from Plaintiff regarding the current rates generally charged by litigators and instead looks to other recent fee awards granted in the Southern District of West Virginia for guidance in establishing the prevailing market rate. In March 2010, Magistrate Judge R. Clarke Vandervort found an hourly rate of $225 to be reasonable in an action brought under the United Services Employment and Reemployment Rights Act of 1994 ("USERRA") after considering the affidavits of two local attorneys, who stated that the hourly rate typically charged by attorneys in this type of litigation ranged between $200 and $300.[4] In June 2010, District Judge Robert C. Chambers found hourly rates of $350, $275, and $175 to be reasonable in a predatory lending case, in part due to the specialized experience of the attorneys and in part due to prior fee awards in similar cases involving the same attorneys.[5] In January 2011, District Judge John T. Copenhaver approved, as reasonable, hourly rates of $350, $335, and $215 in an environmental protection action, commenting on the specialized experience of the attorneys and the expertise required by the nature of the case.[6] In February 2011, District Judge Chambers determined that an hourly rate of $225 was appropriate in an ERISA action in view of the attorney's limited length of practice (six years) and his lack of experience in ERISA disputes (this was his first

---

[4] *Mills v. East Gulf Coal Preparation Company, LLC,* 2010 WL 1050359 (S.D.W.Va.). Magistrate Judge Vandervort also noted that this hourly rate was at the high end of reasonable in the Beckley legal community.

[5] *Watkins v. Wells Fargo Home Mortgage,* 2010 WL 2486247 (S.D.W.Va.) District Judge Chambers noted that in June 2006 the Court had awarded fees to the same lawyers based upon hourly rates of $300 and $225, and the Circuit Court of Roane County, West Virginia had approved their requested hourly rates of $400 and $300 in October 2009.

[6] *West Virginia Highlands Conservancy, Inc. et al. v. Huffman,* 2011 WL 90163 (S.D.W.Va.)

such case).[7]  Finally, in March 2011, Chief District Judge Joseph R. Goodwin accepted the hourly rates of $190 and $175 requested by the attorneys of the prevailing party, based upon the affidavits of three local attorneys uninvolved in the litigation, who commented on the prevailing market rate, as well as recent awards in comparable cases.[8]  Considering these awards; counsel's level of skill and experience; national statistics,[9] and the lack of objection to the proposed hourly rate by the Defendant, the Court finds the requested hourly rate of $250, while on the high side, is within a reasonable range for a general litigator.

Having determined the reasonable hourly rate in this case, the Court must examine the reasonableness of the number of hours expended on the Motion to Strike and Compel.  Plaintiff's counsel provides a statement indicating that she spent 7.5 hours drafting the initial eight page letter detailing the discovery issues; 15.1 hours researching and drafting the Motion to Strike and Compel; 1.7 hours drafting and filing the Reply Memorandum; .4 hours reviewing the Court's Order; and .3 hours communicating with defense counsel, for a total of 25 hours.  In response, Defendant objects to the hours as excessive, arguing that (1) Plaintiff should not be compensated for the Motion to Strike, as it was denied; and (2) the time asserted includes redundant hours in that Plaintiff's Motion to Compel was largely a regurgitation of her initial letter requesting supplementation to discovery responses.

---

[7] *Frye v. Metropolitan Life Insurance Company,* 2011 WL 466686 (S.D.W.Va.)

[8] *Stalnaker v. Fidelity and Deposit Company of Maryland,* 2011 WL 1113407 (S.D.W.Va.)

[9] LexisNexis© 2009 Billing Rates and Practices Survey found average hourly billing rates in the South to be $276; in the Midwest to be $264; in the Northeast to be $319; in the West to be $296; and the national average to be $284.

"When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary." *Allen v. Monsanto Company,* 2007 WL 1859046 at *2 (S.D.W.Va.), citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . .'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986), quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). In addition, the Court may apportion reasonable expenses and award only a percentage of those requested to account for the parts of a Motion to Compel that are denied. Fed. R. Civ. P. 37(a)(5)(C). Here, Plaintiff claims 7.5 hours for drafting the initial letter outlining the discovery disputes. Rule 37 does not expressly allow reimbursement of fees for such a letter and, even if it did make such an allowance, the Court agrees with Defendant that much of the letter is subsumed in the Motion to Compel. Therefore, inasmuch as charging for the letter is redundant, the Court disallows it. Likewise, the Court agrees with Defendant that Plaintiff should not be reimbursed for the Motion to Strike, because the Court denied it. When examining Plaintiff's Motion to Strike and Compel, (Docket No. 20), the Court notes that the document is 39 pages long; however, a substantial portion of the document is merely a recitation of the discovery requests and the responses, rather than legal argument. In contrast, although less than one third of the document delineates the grounds supporting the Motion to Strike, that section of the document includes a large part of Plaintiff's legal analysis and citations, likely accounting for at least a third of the time spent preparing the document. Consequently, the Court will deduct 5.0 hours from the total drafting and

research time charged; thereby, allowing Plaintiff 10.1 hours for drafting the Motion to Compel, as well as the remaining time requested, making a total of 12.5 hours at the hourly rate of $250.

Accordingly, it is hereby **ORDERED** that Plaintiff (or her counsel, as may be appropriate under the circumstances) may recover from Defendant (or its counsel, as may be appropriate under the circumstances) reasonable expenses pursuant to Fed. R. Civ. P. 37(a) in the amount of Three Thousand One Hundred Twenty Five Dollars **($3,125.00)** to be paid within thirty (30) day of the date of this Order.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** June 29, 2011.

_____
Cheryl A. Eifert
United States Magistrate Judge